[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15744
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-60139-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARD BELLAFIORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2010)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Gerard Bellafiore appeals the district court's decision to impose an upward variance and sentence him to 78 months' imprisonment for bank larceny. Bellafiore argues that his sentence was unreasonable because: (1) the district court

imposed an upward variance based exclusively on his criminal history, which was already reflected in his guideline range through the criminal history category; and (2) there is no evidence that the district court considered any of the other 18 U.S.C. § 3553(a) factors. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not discuss each § 3553(a) factor. United

_____

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. There is a "range of reasonable sentences from which the district court may choose," and the burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Id.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors

3

by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). A district court may impose a variance if it determines that "the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply," "the Guidelines sentence . . . fails properly to reflect § 3553(a) considerations," or "the case warrants a different sentence regardless." Rita, 551 U.S. at 351.

Bellafiore's sentence is not procedurally unreasonable. As the record shows, the district court explained that its decision was based on the following facts: (1) Bellafiore's criminal conduct in this offense was "egregious" and "continuous"; (2) he had committed a similar offense in the past; and (3) he exhibited a general disregard for the law. The district court thus considered several § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to promote respect for the law. See 18 U.S.C. § 3553(a). Since Bellafiore's only argument for procedural unreasonableness is that the district court did not consider the § 3553(a) factors, and this argument fails, Bellafiore has not shown that his sentence was procedurally reasonable.

Nor has he shown that his sentence is substantively unreasonable. The unobjected facts in the PSI reveal that: (1) Bellafiore and his co-conspirators committed larceny of numerous banks as part of the instant offense; (2) Bellafiore had ten prior adult convictions; and (3) a number of these convictions involved conduct that was virtually identical to Bellafiore's conduct in the instant offense.[2] As the district court correctly found, these facts suggest that Bellafiore had little respect for the law, as he kept committing similar offenses over and over again, even after going through repeated prosecutions for these offenses. Moreover, in this case, Bellafiore did not commit larceny of a single bank, but multiple banks, which further demonstrates his disrespect for the law. Therefore, the following § 3553(a) factors strongly supported the imposition of an upward variance: (1) the need for the sentence to promote respect for the law; (2) deterrence; and (3) the history and characteristics of the defendant. See 18 U.S.C. § 3553(a). Because a number of § 3553(a) factors supported an upward variance, Bellafiore's sentence was substantively reasonable, and we affirm the district court's decision.

**AFFIRMED.**

---

[2]     Bellafiore did not object to most of the factual statements in the PSI, and therefore, he is deemed to have admitted those statements as true. See United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006) (holding that if a defendant fails to object to facts that are contained in the PSI, he is deemed to have admitted those facts).